UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE ANNUITY, WELFARE and APPRENTICESHIP SKILL
IMPROVEMENT & SAFETY FUNDS of the
INTERNATIONAL UNION OF OPERATING ENGINEERS,      **AFFIDAVIT IN**
LOCAL 15, 15A, 15C and 15D, AFL-CIO, by its TRUSTEES   **SUPPORT OF**
JAMES T. CALLAHAN, WILLIAM H. HARDING,                  **DEFAULT JUDGMENT**
FRANCIS P. DIMENNA and ROBERT SHAW, and JOHN and
JANE DOE, as Beneficiaries of the ANNUITY, WELFARE and   07-CIV-6156 (LAP)
APPRENTICESHIP SKILL IMPROVEMENT & SAFETY
FUNDS of the INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 15, 15A, 15C and 15D, AFL-CIO,

                              Plaintiffs,

    -against-

NAMOW, INC.,

                              Defendant.
------------------------------------------------------------------------X

    JAMES M. STEINBERG, being duly sworn, deposes and says:

    1.    I am a member of the law firm of BRADY McGUIRE & STEINBERG, P.C., attorneys for the Plaintiffs in the above-entitled action and am fully familiar with all the facts and circumstances of this action.

    2.    I make this affidavit pursuant to Rules 55.1 and 55.2(a) of the Civil Rules for the Southern District of New York in support of the Plaintiffs' application for the entry of a default judgment against Defendant NAMOW, INC.

    3.    This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA") to compel the Defendant's acquiescence to a payroll audit for the period of May 12, 2005 through July 31, 2007 for the purpose of determining whether all fringe benefit contributions have been paid to the Plaintiffs and to

recover any delinquent fringe benefit contributions owed as calculated in the report to be issued after the audit is completed to the ANNUITY, WELFARE and APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS of the INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 15, 15A, 15C and 15D, AFL-CIO (the "LOCAL 15 FRINGE BENEFIT FUNDS").

4.  The subject matter jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145.

5.  This action was commenced on July 2, 2007 by the filing of the Summons and Complaint. A copy of the Summons and Complaint was personally served on the Defendant NAMOW, INC. on September 11, 2007, by a Process Server who personally served Donna Christie, an Authorized Agent in the Office of the Secretary of State of the State of New York. Proof of said service was filed with the court on September 17, 2007 via the ECF System. (A copy of the Summons and Complaint, along with the Proof of Service are annexed hereto as Exhibit "A".)

6.  As a signatory to a collective bargaining agreement with LOCAL 15, dated May 12, 2005 (a copy of which is annexed hereto as Exhibit "B"), Defendant NAMOW, INC. agreed to be bound to all agreements and declarations of trust, amendments and regulations, thereto, and to remit all contributions in accordance with the procedures established by the LOCAL 15 FRINGE BENEFIT FUNDS. (A sample copy of a Local 15 Trust Agreement is annexed hereto as Exhibit "C").

7.  As a signatory to a collective bargaining agreement with LOCAL 15, Defendant NAMOW, INC. is required to make contributions to the Plaintiff Trust Funds on behalf of all LOCAL 15 members in its employee. For the period of May 12, 2005 through July 31, 2007, the

Plaintiffs have been unable to independently verify whether the LOCAL 15 members in the Defendant's employ received the proper fringe benefit contributions. As such, the only basis for determining whether the correct fringe benefit contribution payments were made by the Defendant for the period in question is to perform an audit of the corporate records of Defendant NAMOW, INC.

8. In accordance with the applicable Trust Agreements and the Collection & Audit Procedures established by the Board of Trustees (a copy of which are annexed hereto as Exhibit "D"), the LOCAL 15 FRINGE BENEFIT FUNDS were and continue to be authorized to have their representative examine the books and records of the Defendant to determine whether the said Defendant has made the proper contributions to said Plaintiff Trust Funds. (See Exhibit "D at Sections I and IV; along with Exhibit "C" at Annuity Trust Fund Agreement, Article V, Section 5.) As such, Defendant NAMOW, INC. is required to cooperate in the performance of said audit on a date to be set by this Court and to make the following documents available for review by the Plaintiffs' auditor for the period of May 12, 2005 through July 31, 2007:

- a. Tax Forms 941s;
- b. Quarterly Payroll Tax Forms a/k/a NYS-45 Tax Forms;
- c. Corporate Payroll Records (including information identifying hours paid and gross wages); and
- d. Cash Disbursements Records.
- e. Tax Forms W-2s;
- f. Payroll Reports (provided to the union or fund office, if applicable); and
- g. Canceled Checks.

9. In the event that said audit is conducted and a fringe benefit deficiency is calculated, Defendant NAMOW, INC. should be required to pay the following damages within thirty (30) days of receipt of written notice of said deficiency:

    a.    The amount of the calculated deficiency pursuant to Section 502(g)(2)(A) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1001 *et seq.* ("ERISA");

    b.    Interest calculated on the deficiency balance at the plan rate of 8.75% (one percent over the prime rate of 7.75%) in accordance with the rate of interest called for in the underlying Collection & Audit Procedures pursuant to Section 502(g)(2)(B) of ERISA;

    c.    Statutory damages calculated on the deficiency balance at the plan rate of 8.75% (one percent over the prime rate of 7.75%) in accordance with the rate of interest called for in the underlying Collection & Audit Procedures pursuant to Section 502(g)(2)(C)(i) of ERISA; and

    d.    The cost of the audit pursuant to Section 502(g)(2)(E) of ERISA since the Trust Agreements and Collection & Audit Procedures are silent as to the reimbursement to the Funds for these expenses.

10.    In addition hereto, the following damages should be awarded against the Defendant and in favor of the Plaintiffs, regardless of whether the audit is actually ever conducted:

    a.    Attorneys' fees in the amount of $1,638.75 which are detailed hereafter and authorized pursuant to Section 502(g)(2)(D) of ERISA; and

    b.    The costs expended by the Plaintiffs to date in connection with this litigation in the amount of $515.00 which are also detailed in the accompanying Statement of Damages and authorized pursuant to Section 502(g)(2)(E) of ERISA.

11.    The disbursements sought to be taxed have been made in this action or will necessarily be made incurred herein.

12.    The sum of $1,638.75 represents my law firm's charges to the client, the LOCAL 15 FRINGE BENEFIT FUNDS, for legal services in connection with this litigation. My services are billed at $285.00 per hour.

13.    On daily time sheets we detail the specific services we perform on behalf of the client which includes: the date of an activity; the specific activity or activities engaged in; the

initials identifying the person that performed the work; and the amount of time expended. This information is thereafter maintained by the law firm in its permanent records and transferred to monthly billing invoices sent to the client. (Annexed hereto as Exhibit "E" is a synopsis of the legal services performed on behalf of this client).

14. I have reviewed Exhibit "E" and it accurately reflects the expenditure of my time in this case. In fact, the total number of hours expended by me on behalf of the Plaintiffs is recorded on Exhibit "E" for which compensation is sought as follows: James M. Steinberg ("JMS")—5.75 hours.

15. A lodestar amount, if calculated by multiplying the number of hours reasonably expended by the aforementioned hourly rate, would result in a fee as follows: James M. Steinberg, 5.75 hours *times* $285.00 = $1,638.75.

16. I hereby submit that the services for which we seek compensation were reasonable and necessary under the circumstances. I further submit that these attorneys' fees may be awarded by the Court in the sound exercise of its discretion in light of the following factors:

(a) The fact that attorneys' fees may be awarded pursuant to ERISA, 29 U.S.C. Section 1132(g)(2)(D);

(b) The Defendant's clear and inexcusable culpability in this matter;

(c) The amount to be paid in attorneys' fees is reasonable;

(d) The fact that it would be grossly inequitable to require the Plaintiffs to absorb the cost of Defendant's clear and intentional disregard of its contractual and legal responsibilities; and

(e) The fact that an award of attorneys' fees will underline the seriousness of offenses against ERISA Funds and prove a deterrent to delinquencies on the part of this and other employers in the future.

17. The relief sought herein has not previously been requested.

**WHEREFORE**, the Plaintiffs request the entry of Default and the entry of the annexed Judgment against Defendant NAMOW, INC.

*[signature]*
JAMES M. STEINBERG (JS-3515)

Sworn to before me this
15th day of October, 2007

*[signature]*
Notary Public

Matthew G. McGuire
Notary Public, State of New York
No. 02MC5085290
Qualified in Rockland County
Commission Expires July 26, 20 09