EXHIBIT "A"

# United States District Court

SOUTHERN DISTRICT OF NEW YORK

The Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds of the International Union of Operating Engineers Local 15, 15A, 15C & 15D, AFL-CIO et al.

V.

Namow, Inc.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**07 CIV. 6156**

**JUDGE PRESKA**

TO: (Name and address of defendant)

Namow, Inc.
84-22 Grand Avenue
Elmhurst, New York 11373

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

BRADY McGUIRE & STEINBERG, P.C.
603 WARBURTON AVENUE
HASTINGS-ON-HUDSON, NEW YORK 10706

an answer to the complaint which is herewith served upon you, within _____Twenty (20)_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. Michael McMahon
CLERK / CLERK

(BY) DEPUTY CLERK

DATE  JUL - 2 2007

## AFFIDAVIT OF SERVICE ON A CORPORATION BY THE SECRETARY OF STATE

Index # 07 CIV. 6156                                                        Purchased/Filed: July 2, 2007

State of New York            U. S. District Court            Southern New York County

The Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds, etc.        Plaintiff

against

Namow, Inc.                                                                  Defendant

STATE OF NEW YORK      )
COUNTY OF FULTON       )  SS
CITY OF GLOVERSVILLE   )

Gerald Skinner, being duly sworn, deposes and says: deponent is over the age of twenty-one (21) years; that on September 11, 2007, at 8:07AM, at the office of the Secretary of State of the State of New York in the City of Albany, New York, deponent served the annexed Summons in a Civil Case and Complaint, on Namow, Inc.

Defendant in this action, by delivering to and leaving with Donna Christie AUTHORIZED AGENT in the Office of the Secretary of State of the State of New York, personally at the Office of the Secretary of State of the State of New York, two (2) true copies thereof and that at the time of making such service, deponent paid said Secretary of State a fee of 40.00 dollars; that said service was made pursuant to Section 306 Business Corporation Law.

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said defendant.

Description of the person served: Approx. Age: 35    Approx. weight: 160    Approx. Ht.: 5'6"
Sex: Female    Color of skin: White    Color of hair: Blonde    Other:

Sworn to before me on this 11th day of September, 2007

_Tammy Skinner_                              _Gerald Skinner_
TAMMY SKINNER                                Gerald Skinner
NOTARY PUBLIC, State of New York
01SK6024054
May, 03 2011                                 Invoice•Work Order # 062261

U.S. PROCESS SERVICE INC. - 7 CENTRAL PARK AVENUE, YONKERS, NEW YORK 10705

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE ANNUITY, WELFARE and APPRENTICESHIP SKILL
IMPROVEMENT & SAFETY FUNDS of the
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL 15, 15A, 15C and 15D, AFL-CIO, by its TRUSTEES
JAMES T. CALLAHAN, WILLIAM H. HARDING,
LYNN A. MOUREY and ROBERT SHAW, and JOHN and
JANE DOE, as Beneficiaries of the ANNUITY, WELFARE and
APPRENTICESHIP SKILL IMPROVEMENT & SAFETY
FUNDS of the INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 15, 15A, 15C and 15D, AFL-CIO,

COMPLAINT

07-CIV-

07 CIV. 6156

Plaintiffs,

-against-

NAMOW, INC.,

JUDGE PRESKA

Defendant.
------------------------------------------------------------X



Plaintiffs, by their attorneys, BRADY McGUIRE & STEINBERG, P.C., for their Complaint, respectfully allege:

1.   This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA") to compel an audit of corporate records and to recover any delinquent contributions owed to employee fringe benefit trust funds.

**JURISDICTION**

2.   The subject matter jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145.

3.   Venue is properly laid in the Southern District of New York pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that, as shown below, the INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 15, 15A, 15C and 15D, AFL-CIO ("LOCAL

15") maintains its principal office in the County of New York and the subject Funds are administered in the County of New York, State of New York.

## THE PARTIES

4. The LOCAL 15 ANNUITY, WELFARE, APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY FUNDS (hereinafter collectively referred to as the "LOCAL 15 TRUST FUNDS") are joint trustee funds established by various trust indentures pursuant to Section 302 of the LMRA, 29 U.S.C. § 186. The Trustees of the LOCAL 15 TRUST FUNDS maintain the subject plans at offices located at 265 West 14th Street, New York, New York 10011.

5. JAMES T. CALLAHAN, WILLIAM H. HARDING, LYNN A. MOUREY and ROBERT SHAW are Trustees of the LOCAL 15 ANNUITY, WELFARE and APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS and are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. The LOCAL 15 TRUST FUNDS also operate as the administrative representative of the Central Pension Fund of the International Union of Operating Engineers responsible for the collection of defined pension benefit contributions owed by entities maintaining collective bargaining agreements with LOCAL 15.

7. The LOCAL 15 ANNUITY FUND is an employee pension benefit plan within the meaning of Section 3(2) of the ERISA, as amended, 29 U.S.C. § 1002(2), established for the purpose of providing retirement income to employees.

8. The LOCAL 15 WELFARE and APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS, are employee welfare benefit plans within the meaning of Section 3(1) of

ERISA, 29 U.S.C. § 1002(1), established for the purpose of providing medical, vacation and other benefits to the employees of contributing employers.

9. JOHN and JANE DOE are beneficiaries of the LOCAL 15 TRUST FUNDS within the meaning of Section 3(8) of ERISA, 29 U.S.C. § 1002(8).

10. The LOCAL 15 TRUST FUNDS constitute multi-employer/employee benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

11. Upon information and belief, Defendant, NAMOW, INC. ("NAMOW, INC.") was and still is a New York corporation, with its principal place of business located at 84-22 Grand Avenue, Elmhurst, New York 11373.

12. Upon information and belief, NAMOW, INC. was and still is a foreign corporation duly licensed to do business in the State of New York.

13. Upon information and belief, NAMOW, INC. was and still is a foreign corporation doing business in the State of New York.

14. Upon information and belief, NAMOW, INC. is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

## AS AND FOR A FIRST CAUSE OF ACTION

15. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 14 inclusive, with the same force and effect as though more fully set forth at length herein.

16. At all relevant times, NAMOW, INC. agreed to be bound by the terms and conditions of a collective bargaining agreement with LOCAL 15 dated May 12, 2005 (hereinafter the "Collective Bargaining Agreement").

17. LOCAL 15 is a labor organization as defined in Section 2 of the LMRA, 29 U.S.C. § 152 et seq., having its principal office for the transaction of business at 265 West 14th Street, New York, New York 10011.

18. Under the terms of the Collective Bargaining Agreement, ERISA and the Trust Agreements for the LOCAL 15 TRUST FUNDS, an employer is required to make payments to the LOCAL 15 TRUST FUNDS based upon an agreed sum or percentage for each employee hour of its hourly payroll worked or wages paid, and to report such employee hours and wages to the LOCAL 15 TRUST FUNDS.

19. Pursuant to the terms of the Trust Agreements establishing the LOCAL 15 TRUST FUNDS along with ERISA, Plaintiffs are entitled to audit NARROW'S books and records.

20. In pertinent part, the Trust Indentures establishing the LOCAL 15 TRUST FUNDS state:

> Each Employer shall promptly furnish to the Trustees on demand any and all wage records relating to his Employees which the Trustees shall require in writing.
>
> The Trustees, or their authorized representatives, may examine the pertinent books and records of each Employer whenever such examination may be deemed necessary or advisable by the Trustees in connection with the proper administration of the [Funds].

21. Upon information and belief, Defendant NAMOW, INC. may have underreported the number of employees, the amount of employee hours and wages paid to its employees and the contributions due.

22. Although the Plaintiffs formally requested said audit from Defendant NAMOW, INC. on two previous occasions, to date, said Defendant has refused to schedule said audit and

therefore Plaintiffs demand an audit of NAMOW, INC.'S books and records for the period of July 1, 2003 through July 31, 2006.

## AS AND FOR A SECOND CAUSE OF ACTION

23. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 22 inclusive, with the same force and effect as though more fully set forth at length herein.

24. Upon information and belief, NAMOW, INC. has failed to make the contractually required fringe benefit contributions to the LOCAL 15 TRUST FUNDS for the period of July 1, 2003 through July 31, 2006 in the approximate amount of $50,000.00 in violation of Section 515 of ERISA, 29 U.S.C. § 1145 which requires that employers pay fringe benefit contributions in accordance with the terms and conditions of the applicable collective bargaining agreement. The precise figure cannot be determined because the Defendant may not have filed accurate employment reports for those months in which it was required to make contributions as required by the Collective Bargaining Agreement and Section 209 of ERISA, 29 U.S.C. § 1059.

25. Despite repeated efforts by the LOCAL 15 TRUST FUNDS to collect the contributions owed, NAMOW, INC. remains delinquent in making the proper contributions and has failed to pay any portion of the outstanding contributions to the LOCAL 15 TRUST FUNDS as detailed above.

26. Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to the Plaintiff Trust Funds: (a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff Trust Fund's Plan, or if none, at the rate set forth in the United States Internal Revenue Code at

26 U.S.C. § 6621; (c) statutory damages; (d) reasonable attorneys' fees; and (e) the costs and disbursements of the action.

27. Accordingly, as a direct and proximate result of NAMOW, INC.'S defaults, omissions and breaches of the Collective Bargaining Agreement and Section 515 of ERISA, Defendant NAMOW, INC. is liable to the Plaintiffs in the amount of no less than $50,000.00 along with potentially additional contributions for the subsequent period not covered by the audit, together with accumulated interest on the unpaid and/or untimely paid principal amount due and owing, statutory damages, reasonable attorneys' fees, and the costs and disbursements incurred in this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

**WHEREFORE**, Plaintiffs demand judgment on the First Cause of Action as follows:

1. An order requiring Defendant NAMOW, INC. to submit all books and records to Plaintiffs for audit at its cost in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE**, Plaintiffs demand judgment on the Second Cause of Action as follows:

1. Of Defendant NAMOW, INC., in the amount of contributions determined to be due and owing to the LOCAL 15 TRUST FUNDS of $50,000.00, plus any additional monies that may be determined to become justly due and owing to the Plaintiffs during the pendency of this action and before final judgment, together with:

   a. Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by Defendants, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

   b. Statutory damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

    c.    Attorneys' fees, costs and disbursements in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

    d.    Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

Dated: Hastings-on-Hudson, New York
       June 26, 2007

Yours, etc.

BRADY McGUIRE & STEINBERG, P.C.

By: *James M. Steinberg* (JS-3515)
Attorneys for Plaintiffs
603 Warburton Avenue
Hastings-on-Hudson, New York 10706
(914) 478-4293