UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THE ANNUITY, WELFARE and APPRENTICESHIP SKILL
IMPROVEMENT & SAFETY FUNDS of the
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL 15, 15A, 15C and 15D, AFL-CIO, by its TRUSTEES
JAMES T. CALLAHAN, WILLIAM H. HARDING,
FRANCIS P. DIMENNA and ROBERT SHAW, and JOHN and       **DEFAULT JUDGMENT**
JANE DOE, as Beneficiaries of the ANNUITY, WELFARE and
APPRENTICESHIP SKILL IMPROVEMENT & SAFETY              07-CIV-6156 (LAP)
FUNDS of the INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 15, 15A, 15C and 15D, AFL-CIO,

                Plaintiffs,

    -against-

NAMOW, INC.,

                Defendant.
-------------------------------------------------------------------X

    This action having been commenced on July 2, 2007 by the filing of the Summons and Complaint, and a copy of the Summons and Complaint having been personally served on the Defendant NAMOW, INC. on September 11, 2007, by a Process Server, personal service on Donna Christie, an Authorized Agent in the Office of the Secretary of State of the State of New York, and proof of service having been filed on September 17, 2007 via the ECF System, and the Defendant NAMOW, INC. not having answered the Complaint, and the time for answering the Complaint having expired, it is,

    **ORDERED, ADJUDGED AND DECREED:** That the Plaintiffs have judgment against the Defendant as follows:

    (a) That the Defendant shall cooperate in the performance of an audit by Plaintiffs' representative, by providing the following payroll records for the period of May 12, 2005 through

July 31, 2007: Tax Forms 941s; Quarterly Payroll Tax Forms a/k/a NYS-45 Tax Forms; Corporate Payroll Records (including information identifying hours paid and gross wages); Cash Disbursements Records; Tax Forms W-2s; Payroll Reports (provided to the union or fund office, if applicable); and Canceled Checks, for the express purpose of determining whether there has been a deficiency in the required fringe benefit contribution payments to the Plaintiff Trust Funds;

(b) That the Defendant shall pay any determined deficiency, as identified in the report to be issued by the Plaintiffs' representative, within thirty (30) days of receipt of notice of the deficiency from the Plaintiffs pursuant to 29 U.S.C. Section 1132(g)(2)(A), along with interest from the date on which such deficiency came due, at the prime rate of 7.75% plus one percent and statutory damages in the form of interest from the date on which such deficiency became due at the rate of 7.75% plus one percent, pursuant to 29 U.S.C. Sections 1132(g)(2)(B) and (C)(i), respectively;

(c) That the Defendant shall also pay the costs of said audit pursuant to 29 U.S.C. Section 1132(g)(2)(E); and

(d) That the Plaintiffs are awarded attorneys' fees in the amount of $1,638.75, along with costs in the amount of $515.00, for a total liquidated amount of $2,153.75 pursuant to 29 U.S.C. Section 1132(g)(2)(D).

**ORDERED** that the Judgment rendered by the Court on this day in favor of the Plaintiffs be entered as a final judgment against Defendant NAMOW, INC. and the Clerk of the Court is directed to enter such Judgment forthwith.

Date: New York, New York
_____, 2007

SO ORDERED:

_____
The Honorable Loretta A. Preska, U.S.D.J.